HENRY AUSTIN :   CASE NUMBER 3;02CV192(RNC)

V. :

JEFFERY FISHIER ET,AL :

United States District Court
District of Connecticut
FILED AT BRIDGEPORT
December 6, 2004
Kevin F. Rowe, Clerk
By Mary E. Larsen
Deputy Clerk

## MOTION TO REOPEN

I, HENRY AUSTIN, THE PETITIONER MOVES THIS HONORABLE COURT TO REOPEN THE ABOVE MENTION CASE.

I BELIEVE THAT I HAVE EXAUSTED ALL MY STASTE REMEDIES, AFTER NOT HAVING THE FUNDS TO PROCEED WITH AN APPEAL OR CERT TO THE STATE SUPRUME COURT.

THERE IS NEW EVIDENCE TO PROVE THAT MY CONVICTION WAS A CONSPIRIED CONVICTION OBTAINED BY PERJURY, PREJUDICE, FRAUD, AND OTHER CORRUPT MEANS. THIS NEW EVIDENCE WILL PROVE I COMMITTED A STATUS ONE MISDERMEANOR, NOT STATUS THREE FELONY CRIMES, IN WHICH I WAS CHARGED WITH AND CONVICTED OF, THAT LED TO FIFTY-TWO MONTHS OF UNLAWFUL IMPRISONMENT.

GRANTING THIS MOTION IS ENSSENTIAL TO THE EYES OF JUSTICE TO MAKE AN INJUSTICE JUST.

RESPECTFULLY SUBMITTED
BY Henry Austin

---

May 12, 2005.    Austin v. Fishier, et al.
                 3:02CV00192 (RNC)

Re: Motion to Reopen (Doc. # 10)

Denied. An inmate may not pursue relief in the form of an order vacating a conviction or sentence in a section 1983 action. Wilkinson v. Dotson, 125 S. Ct. 1242, 1247-48 (2005). Moreover, because plaintiff does not allege that his conviction or sentence has been invalidated, overturned, or otherwise terminated in his favor, his claims for monetary damages pursuant to section 1983 fail to state a claim upon which relief may be granted. Id. at 1248. If plaintiff seeks to file a petition for writ of habeas corpus challenging his conviction, he may contact the Bridgeport Clerk's Office for the appropriate form. So ordered.

Robert N. Chatigny  U.S.D.J.